1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
CARLOS S. CAMACHO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CARLOS S. CAMACHO, <br><br> Plaintiff, <br> v. <br><br> JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia limited liability company, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> 15 United States Code § 1692 *et seq*. <br> California Civil Code § 1788 *et seq*. |

Plaintiff, CARLOS S. CAMACHO, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1.    This is an action for statutory damages, attorney fees, and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

        b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

        c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

        d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

        e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

        3.    Plaintiff also seeks statutory damages, attorney fees, and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.  The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

/ / /

/ / /

---

[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8.     Plaintiff, CARLOS S. CAMACHO (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.     Defendant, JEFFERSON CAPITAL SYSTEMS, LLC (hereinafter "Defendant" or "JEFFERSON"), is a Georgia limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 6 McLelland Road, Saint

Cloud, Minnesota 65303. JEFFERSON may be served at the address of its Agent for Service of Process at: Jefferson Capital Systems, LLC, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. The principal business of JEFFERSON is the collection of defaulted consumer debts using the mails and telephone, and JEFFERSON regularly attempts to collect defaulted consumer debts alleged to be due another. JEFFERSON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

10.     On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Tribute Card (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11.     Plaintiff is informed and believes, and thereon alleges, that sometime after Plaintiff defaulted on the alleged debt, the alleged debt was sold, assigned, or otherwise transferred to JEFFERSON for collection from Plaintiff.

12.     Thereafter, JEFFERSON filed a lawsuit against Plaintiff to collect the alleged debt. Said lawsuit was filed in the Superior Court of the State of California, County of Santa Clara and assigned Case No. 1-13-CV-250336 (hereinafter "the collection lawsuit"). Thereafter, JEFFERSON caused a copy of the Summons and Complaint in the collection lawsuit to be served on Plaintiff.

13.     On or about September 9, 2013, Plaintiff retained the legal services of Fred W. Schwinn of the Consumer Law Center, Inc., to represent him in the collection lawsuit.

14.     On September 9, 2013, Plaintiff's counsel, Fred W. Schwinn, sent an email correspondence to Vijay S. Desai, counsel for JEFFERSON, which notified JEFFERSON that Plaintiff

was represented by Fred W. Schwinn with regard to the alleged debt.  That same day, Mr. Desai responded to and acknowledged Mr. Schwinn's email correspondence.

15.   A true and accurate copy of the email correspondence between Fred W. Schwinn and Mr. Desai, is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16.   Plaintiff is informed and believes, and thereon alleges that JEFFERSON had actual knowledge that Plaintiff was represented by an attorney with regard to the debt alleged to be owed to JEFFERSON on or about September 9, 2013.[2]

17.   On or about September 12, 2013, JEFFERSON unilaterally dismissed the collection lawsuit without prejudice.

18.   At no time has Fred W. Schwinn of the Consumer Law Center, Inc., notified JEFFERSON that he was no longer representing Plaintiff with regard to the alleged debt.

19.   Thereafter, on or about November 28, 2013, JEFFERSON mailed a collection letter (Exhibit "2") directly to Plaintiff.

20.   A true and accurate copy of the November 28, 2013, collection letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

21.   The November 28, 2013, collection letter (Exhibit "2") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22.   Thereafter, on or about January 24, 2014, JEFFERSON mailed a collection letter (Exhibit "3") directly to Plaintiff.

23.   A true and accurate copy of the collection letter is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

24.   The collection letter (Exhibit "3") was a "communication" in an attempt to collect

---

[2]   See, Cal. Civil Code § 2332 ("As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other.").

1   a debt as that term is defined by 15 U.S.C. § 1692a(2).

2                          **VII.  CLAIMS**

3              **FAIR DEBT COLLECTION PRACTICES ACT**

4
5           25.    Plaintiff brings the first claim for relief against Defendant under the Fair Debt
6   Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

7           26.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth
8   herein.

9           27.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §
10  1692a(3).

11
12          28.    Defendant, JEFFERSON, is a "debt collector" as that term is defined by the
13  FDCPA, 15 U.S.C. § 1692a(6).

14          29.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is
15  defined by the FDCPA, 15 U.S.C. § 1692a(5).

16          30.    Defendant has violated the FDCPA.  The violations include, but are not limited to,
17  the following:
18
19              a.    Defendant continued to communicate directly with Plaintiff regarding the
20      collection of the alleged debt after Defendant knew that Plaintiff was represented by an attorney
21      with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2).

22          31.    Defendant's acts as described above were done intentionally with the purpose of
23  coercing Plaintiff to pay the alleged debt.
24
25          32.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an
26  award of statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

27  / / /

28

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

33.     Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

34.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

35.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

36.     Defendant, JEFFERSON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

37.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

38.     Defendant has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.     Defendant continued to communicate directly with Plaintiff regarding the collection of the alleged debt after Defendant knew that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of Cal. Civil Code §§ 1788.14(c) and 1788.17.[3]

39.     Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

40.     As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

41.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an

---

[3] 15 U.S.C. § 1692c(a)(2).

award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[4]

42. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

43. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2);

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.14(c) and 1788.17;

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[6]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[7] and 1788.30(c); and

---

[4] 15 U.S.C.§ 1692k(a)(2)(A).
[5] 15 U.S.C.§ 1692k(a)(3).
[6] 15 U.S.C. § 1692k(a)(2)(A).
[7] 15 U.S.C. § 1692k(a)(3).

h)  Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
CARLOS S. CAMACHO


## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARLOS S. CAMACHO, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.