UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS S. CAMACHO,<br>   Plaintiff,<br>v.<br>JEFFERSON CAPITAL SYSTEMS, LLC,<br>   Defendant. | Case No. 14-cv-02728-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br>[Re: ECF 12] |

Plaintiff brings the above-captioned action against Defendant for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 *et seq.* Plaintiff's instant Motion asks the Court to strike the affirmative defenses pled in Defendant's Answer. The Court finds this Motion appropriate for determination without oral argument, pursuant to Civil Local Rule 7-1(b). Having reviewed the parties' papers and the governing law, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Strike.

**I.   BACKGROUND**

In its Answer, Defendant asserts eleven affirmative defenses: (1) failure to state a claim, (2) estoppel, (3) compliance with laws, (4) unclean hands, (5) waiver, (6) offset, (7) statute of limitations, (8) breach of contract, (9) bona fide error, (10) arbitration provision, and (11) additional defenses. Def.'s Answer, ECF 7 at 7-9. Plaintiff moves to strike every defense, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff argues that Defendant's affirmative defenses are deficient for several reasons: five because they are not pled with the requisite specificity required under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009) (the second, seventh, eighth, ninth, and tenth defenses); three because

they are "not actually defenses," Pl.'s Mot. at 11-13 (the first, third, and eleventh defenses); and three because they are "immaterial and impertinent," Pl.'s Mot. at 13-16 (the fourth, fifth, and sixth defenses).

Defendant does not oppose Plaintiff's Motion as it relates to the defenses of waiver (fifth), statute of limitations (seventh), breach of contract (eighth), or additional defenses (eleventh), *see* Def.'s Opp. to Mot. at 2 n.2, but argues that its remaining defenses are sufficiently pled. Defendant requests that the Court grant it leave to amend to cure any deficiencies the Court finds in its affirmative defenses, *id.* at 5, to which Plaintiff does not object. *See* Pl.'s Mot. at 17.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(b) demands that a party "state in short and plain terms its defenses to each claim asserted against it. Fed. R. Civ. P. 8(b)(1). Rule 12(f) governs motions to strike defenses, and permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defenses can be stricken when they fail to give a plaintiff "fair notice" of the defense asserted. *See, e.g.*, *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Courts in this district apply the heightened pleading standards of *Twombly* and *Iqbal* to affirmative defenses when adjudicating a motion to strike. *See, e.g.*, *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010); *see also Perez v. Gordon & Wong Law Grp., P.C.*, 2010 WL 1029425, at *7-8 (N.D. Cal. Mar. 26, 2012) (collecting cases within this district, and stating that "the vast majority of federal district courts presented with [this] issue have reached the same conclusion"). "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Id.* at *8 (citing *Scott v. Fed. Bond & Collection Servs., Inc.*, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011)).

When striking an affirmative defense, leave to amend should be freely given so long as it causes no prejudice to the moving party. *See, e.g.*, *Wyshak*, 607 F.2d 824, 826.

## III. DISCUSSION

### A. Defenses Conceded by Defendant

Defendant does not oppose Plaintiff's Motion to Strike with regard to four defenses: the

2

1    fifth (waiver), seventh (statute of limitations), eighth (breach of contract), and eleventh (additional

2    defenses). The Court GRANTS Plaintiff's Motion to Strike with regard to these four defenses.

3          Though Defendant did not oppose Plaintiff's Motion to Strike with regard to these four

4    defenses, the Court is unclear as to whether or not it is seeking leave to amend on these defenses.

5    Though the Court will deny amendment with regard to the eleventh defense, which the Court finds

6    *infra* is not actually a defense, *see* Part III.C, the Court will grant Defendant leave to amend with

7    regard to the fifth, seventh, and eighth defenses, because Plaintiff does not articulate any prejudice

8    that may result from Defendant being able to amend those defenses. *Wyshak*, 607 F.2d 824, 826.

### B.   Defenses Plaintiff Argues are not Pled with the Requisite Specificity

10         Plaintiff contends that the second (estoppel), ninth (bona fide error), and tenth (arbitration

11   provision) defenses are not pled with the requisite specificity required by *Twombly* and *Iqbal*.

12   Defendant argues that they are pled with enough specificity so as to give Plaintiff fair notice of the

13   defenses. *See* Def.'s Opp. to Mot. at 4. The Court GRANTS the Motion to Strike with regard to

14   the second and ninth defenses, and DENIES the Motion to Strike with regard to the tenth defense.

15         An affirmative defense must "point to *some identifiable fact* that if applicable to [Plaintiff]

16   would make the affirmative defense plausible on its face." *Barnes*, 718 F. Supp. 2d 1167, 1172

17   (emphasis added). Neither the second nor ninth defense does so. Defendant's estoppel defense

18   states that "Plaintiff is estopped to pursue relief in this action against Jefferson to the extent that

19   Plaintiff proceeds with prosecution of any other [action]." Def.'s Answer, ECF 7 at 7. Defendant,

20   however, provides Plaintiff no factual information regarding prior litigation that would have the

21   effect of estopping Plaintiff's claims. Similarly, Defendant's bona fide error defense asserts only

22   that "recovery of the amounts sought by Plaintiff in the Complaint is barred in whole or in party

23   by the doctrine of Bona Fide Error." *Id.* at 8. Defendant fails to provide any facts relevant to the

24   elements of a bona fide error defense, which requires that the alleged violation of the FDCPA was

25   unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures

26   reasonably adapted to avoid any such error. *See Jerman v. Carlisle, McNellie, Rini, Kramer &*

27   *Ulrich LPA*, 559 U.S. 573, 578 (2010) (citing 15 U.S.C. § 1692(k)).

28         As such, Defendant fails to plead any facts that would permit Plaintiff to "ascertain the

basis for these affirmative defenses." *G&G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *2-3 (N.D. Cal. Sept. 23, 2010) (striking defenses, including estoppel, for insufficient factual pleading). Plaintiff's Motion to Strike the second and ninth affirmative defenses is therefore GRANTED.

Defendant's arbitration provision defense, however, does include facts that give Plaintiff fair notice of the defense. Defendant pleads that "the claims asserted by Plaintiff are subject to arbitration pursuant to the terms of the Tribute Cardmember Agreement." Def.'s Answer, ECF 7 at 8-9. Defendant has given Plaintiff notice of the agreement Defendant claims gives rise to the right to arbitration. As such, Plaintiff's Motion to Strike the tenth affirmative defense is DENIED.

### C. Defenses Plaintiff Argues are "Not Actually Defenses"

Plaintiff contends that Defendant's first (failure to state a claim), third (compliance with laws), and eleventh (additional defenses) defenses are "not actually defenses," and should be stricken. *See* Pl.'s Mot. at 11-12.  The Court agrees.

"[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G&G Closed Circuit Events* at *5 (citing *Solis v. Couturier*, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009)). Defendant's first and third "defenses" are merely denials of the allegations set forth in the Complaint, and are not defenses. *See, e.g.*, *Barnes*, 718 F. Supp. 2d 1167, 1174 ("Failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in [Plaintiff's] prima facie case."). The eleventh "defense" is merely a reservation of the right to raise defenses in the future. The Court thus GRANTS Plaintiff's Motion to Strike with regard to the first, third, and eleventh defenses, WITH PREJUDICE. Because these are not actually defenses, amendment would be futile.

### D. Defenses Plaintiff Argues are Immaterial and Impertinent

Finally, Plaintiff argues that Defendant's fourth (unclean hands) and sixth (offset) defenses are impertinent and immaterial, and should be stricken. Pl.'s Mot. at 13-14, 15; *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The Court GRANTS Plaintiff's Motion to Strike these two defenses not because they are impertinent or immaterial, but for failure to sufficiently plead facts that would provide Plaintiff

fair notice of the defenses being raised.

First, Defendant's fourth defense states that "the Complaint, and each and every purported claim for relief therein, is barred by the doctrine of 'unclean hands.'" Def.'s Answer at 7. Defendant fails to point to *any* conduct that would provide grounds for an unclean hands defense. As such, the defense is insufficiently pled. *See Perez*, 2012 WL 1029425, at *10 (holding that a defendant must plead some factual basis for an unclean hands defense). Second, Defendant's offset defense states that "recovery of the amounts sought by Plaintiff in the Complaint is offset or barred in whole or in part by the amount owing from Plaintiff." Def.'s Answer at 8. Defendant alleges no facts regarding the amount, if any, allegedly owed by Plaintiff, or how this amount owed would affect Plaintiff's recovery under either the FDCPA or RFDCPA. Further, the FDCPA does not "contain any provision creating an implied or express right of contribution, indemnification, or equitable credit." *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1122, 1139 (C.D. Cal. 2007) (finding offset unwarranted in an FDCPA action where plaintiff had previously settled another similar action with defendant).

As such, the Court GRANTS Plaintiff's Motion to Strike the fourth and sixth defenses as insufficiently pled, as neither includes any factual information that would give Plaintiff fair notice of the defense. *See, e.g.*, *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827.

## IV. ORDER

The Court hereby ORDERS that Defendant's **first, third, and eleventh** defenses are STRICKEN, with prejudice, because they are not actually defenses. Defendant's **second, and fourth through ninth** defenses are STRICKEN, with leave to amend, because Plaintiff has not alleged any prejudice that would result from granting leave to amend. Plaintiff's Motion to Strike Defendant's **tenth** defense is DENIED. Defendant must file any amended Answer with this Court no later than October 16, 2014, fourteen days from the issue of this Order.

**IT IS SO ORDERED.**

Dated: October 2, 2014

_____
BETH LABSON FREEMAN
United States District Judge