UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS S. CAMACHO,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>    Defendant. | Case No. 14-cv-02728-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>[Re: ECF 36] |

In this Fair Debt Collection Practices Act ("FDCPA") action, Plaintiff moves for leave to amend the Complaint to assert new allegations and theories of liability against Defendant that he contends were discovered only after Defendant provided his counsel with supplemental discovery responses. Plaintiff also seeks to continue the dates set by the Court's scheduling order. Defendant opposes both requests. For the reasons below, the Court GRANTS the motion for leave to amend, and DEFERS ruling on the motion to continue until the parties appear for a case management conference to discuss scheduling.

## I.     BACKGROUND

In 2013, Defendant filed suit against Plaintiff in California state court in an attempt to collect on a debt incurred by Plaintiff . "On or about September 9, 2013," Plaintiff retained Fred Schwinn as counsel to represent him in the collection suit. Compl. ¶ 13. Mr. Schwinn notified Jefferson's counsel, Vijay Desai, that he was representing Plaintiff in an email on September 9, 2013. On September 12, 2013, Defendant dismissed the state court action without prejudice.

Thereafter, on November 28, 2013 and January 24, 2014, Jefferson mailed two collection letters to Plaintiff, which he contends were "communications" in an attempt to collect a debt. *See* Compl. ¶¶ 19, 22. He argues that these communications violated the FDCPA and the Rosenthal

Act because Defendant was aware at the time it sent the letters that Plaintiff was represented by counsel in connection with the debt.

On December 19, 2014, Plaintiff propounded written discovery. Defendant served initial responses to Plaintiff on February 6, 2015, which Plaintiff found deficient. Following a meet-and-confer, Defendant provided Plaintiff with a supplemental discovery production on March 6, 2015 which included 83 pages of documents as well as amended responses to Plaintiff's requests for admission and interrogatories. *See* Mot. at 4 (citing Schwinn Decl. ¶ 8). Plaintiff's counsel contends that upon review of these documents he discovered facts that showed that Defendant attempted in its two collection letters to collect more money than was allowed by law – specifically, that the amount due according to the letters included the state court filing fee and the fee paid to Defendant's process server. Based on a review of the collection logs and collection letters, Plaintiff seeks now to assert new grounds for his FDCPA and Rosenthal Act claims. *See* Schwinn Decl. Exh. D (a copy of the proposed First Amended Complaint).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." This standard is applied with "extreme liberality." *See, e.g.*, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). When determining whether to grant leave under Rule 15, a court must consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that inferences should be drawn "in favor of granting the motion").

In contrast, Rule 16 governs modification of a case schedule, and states that "[a] schedule should not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Unlike Rule 15's liberal amendment policy, Rule 16 predominantly focuses on the moving party's reasons for seeking modification, its diligence, and the prejudice to the party opposing modification. The district court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### III. DISCUSSION

#### A. Motion for Leave to Amend

Plaintiff argues that it sought to amend the Complaint as soon as was practically possible after receiving Defendant's supplemental discovery. *See* Mot. at 6. Defendant opposes leave for three reasons, arguing (1) that Plaintiff's undue delay in bringing the motion will prejudice Defendant, (2) that Defendant's fully briefed motion for summary judgment is pending before the Court, and a motion for leave to amend should not be a mechanism to circumvent summary judgment, and (3) that discovery is already closed. For the reasons below, the Court agrees with Plaintiff.

Defendant first contends that Plaintiff and his attorney "were aware of the amount of money at issue in the collection letters as of January 2014," and "[t]hat Plaintiff and/or his attorney failed to recognize the existence of a potential additional claim based upon this alleged discrepancy until recently . . . does not provide Plaintiff grounds to amend the Complaint." Opp. at 1. This argument, however, is unpersuasive, because it was after Defendant's supplemental discovery responses that Plaintiff's counsel determined the reason for the alleged discrepancy – Defendant's attempt to collect fees related to the filing and service of the state court action. *See* Mot. at 10-11 (citing Schwinn Decl.). Plaintiff's counsel contends that he learned this upon review of the collection logs provided by Defendant with its supplemental discovery on March 6. *See* Mot. at 10. Defendant's argument that Plaintiff exercised "undue delay" in seeking amendment is therefore unpersuasive.

Defendant next argues that it has a pending, fully briefed summary judgment motion, and that Plaintiff should not be able to avoid summary judgment by filing a motion for leave to amend. Defendant is correct that "[a] motion for leave to amend is not a vehicle to circumvent summary judgment." *see Schachter-Jones v. Gen. Tel. of California*, 936 F.2d 435, 443 (9th Cir. 1991) *abrogated in part on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001). But here it provides no persuasive reason why Plaintiff's motion is an attempt to circumvent summary judgment. Plaintiff, instead, points to an email sent on March 17, 2015 to Defendant in an attempt to obtain a stipulation so Plaintiff could file a First Amended Complaint.

*See* Schwinn Decl. ¶ 11 Exh. C. It was only after this email correspondence was sent that Defendant filed its summary judgment motion. *See id.* at ¶ 12. Further, granting Plaintiff's motion to amend the Complaint does not moot the arguments Defendant makes in its summary judgment motion, and the Court will adjudicate that motion upon the filing of the parties' supplemental briefing on May 8, 2015.

Finally, Defendant argues that discovery has closed, which should weigh against granting leave. Plaintiff, however, sought a stipulation soon after receiving Defendant's supplemental discovery responses and after engaging in a good faith meet and confer effort. *See* Schwinn Decl. ¶¶ 2-9, 11. Plaintiff received the responses only a month before fact discovery closed in this action, *see* ECF 28, and filed its motion for leave prior to the close of fact discovery. Because this case was given a relatively short schedule from its initial case management conference to trial – just over eight months – Defendant has not shown why Plaintiff should be precluded from amending its complaint, for the first time, merely because the discovery deadline passed *after* Plaintiff filed his motion for leave.

Defendant has ultimately failed to provide a persuasive reason why amendment should be denied given the liberality with which courts in this district, including this one, apply Rule 15's standard.

### B.  Motion to Modify the Case Schedule

Plaintiff also requests that the Court modify the case schedule, and that "all case management dates in this case be extended by 180 days." Mot. at 14. Defendant opposes, arguing that this case is a straightforward FDCPA action that does not warrant lengthy discovery and should be taken to trial as soon as is practicable. *See* Opp. at 8-9.

Plaintiff points to two extensions of time sought by counsel for Defendants, as well as delays in producing discovery, as reasons to support continuing the present schedule. In order to determine whether a continuance of dates, including the present August 3, 2015 trial date, is appropriate, the Court HEREBY ORDERS the parties to appear for a case management conference on **May 7, 2015, at 1:30 p.m.** The parties may appear telephonically at this conference without further motion.  The parties shall each submit a case management statement of no more

4

than 3 pages outlining their arguments regarding a continuation of dates, including any proposed new dates, which shall be filed **no later than Monday, May 4, 2015**.

## IV.  ORDER

For the foregoing reasons, Plaintiff's motion for leave to amend the Complaint is GRANTED. Plaintiff's amended complaint shall be filed **no later than May 7, 2015**. Plaintiff's motion to modify the case schedule is hereby DEFERRED until the parties appear at the May 7 case management conference.

**IT IS SO ORDERED.**

Dated: April 28, 2015

_____
BETH LABSON FREEMAN
United States District Judge