UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS S. CAMACHO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>　　　　Defendant. | Case No.  14-cv-02728-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Re: ECF 63] |

　　　　Plaintiff Carlos S. Camacho filed a motion for summary judgment on the first amended complaint or, in the alternative, partial summary judgment in this Fair Debt Collections Practice Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") case.  Plaintiff argues that Defendant violated the FDCPA and RFDCPA by attempting to collect fees and other charges prohibited by law.  Defendant counters that its actions were the result of a bona fide error. Having reviewed the parties' arguments and papers, for the reasons outlined below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for summary judgment.

**I.　BACKGROUND**

　　**A.　Procedural History**

　　　　Plaintiff filed his complaint on June 12, 2014, which Defendant answered on July 9, 2014. ECF 1, 7.  Defendant moved for summary judgment on March 19, 2015, ECF 34, and on March 28, 2015, Plaintiff moved to file a first amended complaint ("FAC") and moved for summary judgment as to the claims in the original Complaint and with regard to the claims Plaintiff had sought leave to include in the FAC.  ECF 36, 42.  The Court thereafter granted Plaintiff's motion for leave to amend, and Plaintiff filed the FAC on April 30, 2015.  ECF 48, 49.  On May 29, 2015,

the Court granted in part and denied in part Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment for the claims in the original complaint and denied Plaintiff's motion for summary judgment without prejudice as to the new theories of liability pled in the FAC. ECF 61. On June 25, 2015, Plaintiff moved for summary judgment on the new theories of liability pled in the FAC. ECF 63. Defendant filed the opposition on July 9, 2015, ECF 64, and Plaintiff filed the reply on July 16, 2015. ECF 66. The parties appeared before the Court for oral argument on August 20, 2015. ECF 67.

### B. Undisputed Facts

From the parties' briefing, evidence, and statements of undisputed facts, the following facts relevant to the pending motion for summary judgment are undisputed.[1] Plaintiff incurred a debt of $1,880.07 on a consumer credit account issued by Tribute Card. FAC ¶¶ 10-12. After Plaintiff defaulted on the debt, the debt was acquired by Defendant. *Id*. On July 30, 2013, Defendant, through the Law Office of Curtis O. Barnes, filed a state court action to collect the debt in Santa Clara County Superior Court. Ex. E to Pl.'s Mot, ECF 63-10. Subsequently, Plaintiff retained Fred Schwinn as counsel in the state court action, and on September 9, 2013, Mr. Schwinn contacted Vijay Desai, Jefferson's attorney at the Law Office of Curtis O. Barnes, to inform him that Mr. Schwinn was representing Plaintiff in the action. Ex. C to Pl.'s Mot, ECF 42-6. Three days later, on September 12, 2013, Mr. Desai filed a request for dismissal of the state court action. Ex. F to Pl.'s Mot., ECF 63-11. Meanwhile, on August 2, 2013, a few days after Mr. Desai filed the lawsuit, Defendant added a charge of $225 to Plaintiff's account for "[c]ourt costs from Servicer" and Plaintiff's overall debt was increased to $2105.77. Ex. D to Pl.'s Mot. at 30, ECF 63-8. On November 1, 2013, Defendant added a charge of $81.77 for "[c]ourt costs from Servicer" and Plaintiff's overall debt was increased to $2186.84. *Id*. After the lawsuit was voluntarily dismissed by Defendant's attorney, Defendant sent collection letters to Plaintiff on November 28, 2013 and January 24, 2014, which stated Plaintiff owed $2,186.84. Exs. A, B to

---

[1] Plaintiff has filed an unopposed request for judicial notice of three court filings from Santa Clara Superior Court. ECF 63-9. Since a court may take judicial notice of court filings, the Court GRANTS Plaintiff's request. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, fn. 6 (9th Cir. 2006).

Pl.'s Mot., ECF 63-4, 63-5. Plaintiff brought this lawsuit on June 12, 2014 alleging that Defendant violated the FDCPA and RFDCPA by sending Plaintiff two letters even though he was represented by counsel. In the FAC, Plaintiff further alleged that the two letters unlawfully misrepresented the debt Defendant was legally allowed to collect.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary,* 699 F. Supp. 756, 759 (N.D. Cal. 1987).

The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.,* 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). In judging evidence at the summary judgment stage, "the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party." *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.,* 891 F. Supp. 510, 513–14 (N.D. Cal. 1995). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving party]." *Corales v. Bennett,* 567 F.3d 554, 562 (9th Cir. 2009).

## III.  DISCUSSION

Plaintiff seeks summary judgment finding that Defendant violated the FDCPA and the RFDCPA. Plaintiff also seeks statutory damages of $1,000 under the FDCPA, $1,000 under the RFDCPA, and an additional penalty of $1,000 under the RFDCPA.

### A.  Did Defendant Violate the FDCPA and RFDCPA?

Pursuant to the FDCPA and RFDCPA, a debt collector may not falsely represent the

amount of any debt. 15 U.S.C. § 1692f(1) ("A debt collector may not . . . collect[] any amount [including any interest, fee, charge, or expense incidental to the principal obligation] unless such amount is expressly authorized by the agreement creating the debt or permitted by law."); Cal. Civ. Code § 1788.13(e) ("No debt collector shall . . . false[ly] represent[] that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation.").

Under section 1692k(c) of the FDCPA states that "a debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The RFDCPA includes a near-identical provision, stating that "[a] debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation." Cal. Civ. Code § 1788.30(e). "To qualify for the bona fide error defense . . . the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors. [] The procedures must be explained, along with the manner in which they were adapted to avoid the error." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008). The bona fide error defense is an affirmative defense, for which the Defendant has the burden of proof. *Id*. at 1006.

Defendant does not dispute that it sent two collection letters to Plaintiff that misrepresented the amount Defendant was legally authorized to collect. Defendant, instead, argues its violation resulted from a bona fide error. According to Defendant, the collection letters sent to Plaintiff actually contained two violations of the FDCPA and RFDCPA. The first violation resulted from Defendant sending a letter directly to Plaintiff in violation of the statutes' prohibition against contacting a consumer represented by an attorney. The second violation resulted from Defendant misrepresenting in the letter the amount owed by Plaintiff. Defendant notes that the Court granted

4

summary judgment in favor of Defendant on the first violation because the Court found that Defendant's communication to a consumer represented by an attorney was the result of a bona fide error. As a result, Defendant argues that the Court's finding of a bona fide error as to this first violation should also protect Defendant from the second violation. Defendant argues that if it had followed its procedures, it would not have sent a letter to Plaintiff because Plaintiff was represented by an attorney, and therefore, Plaintiff would never have received the wrong information. Plaintiff responds that a bona fide error as to one violation of the FDCPA and RFDCPA does not automatically cover a separate violation of those statutes. Plaintiff argues that in order to avail itself of the bona fide error defense, Defendant must show its policies and procedures were designed to avoid the specific violation of misrepresenting the debt owed by Plaintiff.

As a threshold issue, the Court must determine whether a policy adopted to prevent one type of FDCPA and RFDCPA violation can give rise to a bona fide error defense as to a separate violation of the statutes not specifically addressed by the policies. Defendant has not cited any legal authority allowing a policy designed to prevent one type of violation to also be used as the basis for a bona fide error defense as to a separate violation not covered by the policy.

In *Holsinger v. Wolpoff & Abramson, LLP*, No. C 05-02075-JF, 2006 WL 2092632, at *6 (N.D. Cal. July 27, 2006), the debt collector mistakenly sent the consumer a letter and the letter also misrepresented the debt the consumer owed by incorrectly including attorney's fees. On a motion for summary judgment, the debt collector submitted evidence of policies and procedures it had in place to ensure that consumers were not mistakenly sent letters but presented no evidence that it had any policies or procedures in place to prevent the misrepresentation of debts owed by consumers. *Id*. The Court found a triable issue of fact existed as to whether the debt collector could avail itself of the bona fide error defense as to the sending of letter but found that the debt collector could not take advantage of the bona fide error defense for misrepresenting the debt owed by the consumer because there had been no evidence presented that the misrepresentation of the debt resulted from a bona fide error. *Id*.

Here, the Court is confronted with a situation similar to the one in *Holsinger*. Consistent

with the outcome in *Holsinger*, the Court finds that a policy designed to prevent one specific FDCPA violation cannot serve as the basis for a bona fide error defense as to a different violation of the FDCPA. In passing the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and since "the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer." *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014). Under Defendant's argument, a debt collector could be shielded from liability for misrepresenting the debt owed by a consumer even though it had no procedures and policies in place to prevent the misrepresentation from happening. Such a result appears contrary to the FDCPA's purpose of preventing debt collectors from engaging in abusive practices. In construing the FDCPA liberally in favor of the consumer, the Court finds that a debt collector cannot use a policy designed to prevent one violation of the FDCPA as the basis for a bona fide error defense as to a different violation. Accordingly, Defendant's argument fails and the Court GRANTS Plaintiff's motion for summary judgment as to this issue.

### B. Damages

In an action brought by an individual, a debt collector who fails to comply with any provision of the FDCPA is liable to that individual in an amount equal to the sum of: (1) any actual damages sustained as a result of such failure; (2) any additional damages as the court may allow, but not exceeding $1,000; and (3) costs of the action, together with reasonable attorney's fees. 15 U.S.C. § 1692k(a). In determining the amount of liability, the jury must consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). Under the RFDCPA, any debt collector that violates the Act with respect to any debtor is liable to that individual in an amount equal to the sum of any actual damages sustained by the individual as a result of the violation and for any amount authorized by the FDCPA. Cal. Civ. Code §§ 1788.17, 1788.30(a). Any debt collector who willfully and knowingly violates the RFDCPA with respect to any debtor is also liable to the debtor for a penalty in such amount as the court may allow, which shall be no less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). Cal. Civ. Code § 1788.30(b).

Plaintiff seeks the maximum statutory damages available under the FDCPA and RFDCPA. Plaintiff argues that an award of maximum statutory damages is necessary to dissuade Defendant and other debt collectors from future violations. Defendant argues Plaintiff should be awarded $150 because Plaintiff has not shown that this matter involves intentional and threatening conduct. The Court finds a disputed issue of material fact exists as to how much in damages should be awarded. Accordingly, the Court DENIES Plaintiff's summary judgment as to this issue.

Plaintiff also alleges that Defendant knowingly and willfully committed this violation and as a result, seeks an additional $1,000 penalty under the RFDCPA. Plaintiff has the burden to show Defendant willfully and knowingly violated the statute. Plaintiff's papers merely recite the words "willfully and knowingly" but fail to point to any evidence indicating that Defendant willfully violated the statute. The Court cannot rely on attorney argument at summary judgment and in the absence of any evidence, the Court DENIES Plaintiff's motion for summary judgment for an award of damages under Cal. Civ. Code § 1788.30(b).

## IV.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The Court DENIES Plaintiff's motion for summary judgment.
2. The Court GRANTS Plaintiff's motion for partial summary judgment as to Defendant's violation of the FDCPA and RFDCPA.
3. The Court DENIES Plaintiff's motion for partial summary judgment as to the amount of damages due under the FDCPA and RFDCPA.
4. The Court DENIES Plaintiff's motion for partial summary judgment for a statutory penalty under the RFDCPA.
5. The Court ORDERS the parties to complete ADR by Nov. 31, 2015.

**IT IS SO ORDERED.**

Dated: September 21, 2015

BETH LABSON FREEMAN
United States District Judge